**FILED**

**NOT FOR PUBLICATION**

**NOV 28 2006**

UNITED STATES COURT OF APPEALS

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: UPLAND PARTNERS, a Hawaii limited partnership, <br><br> Debtor, <br><br>———————————————— <br><br> P.F. THREE PARTNERS, a Hawaii limited partnership, <br><br>  Appellant, <br><br> v. <br><br> RICHARD EMERY, <br><br>  Appellee. | No. 05-15444 <br><br> D.C. No. CV-04-467-SOM <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, District Judge, Presiding

Submitted November 16, 2006[**]
Honolulu, Hawaii

Before: TROTT, WARDLAW, and W. FLETCHER, Circuit Judges.

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

[**] This panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

P.F. Three Partners ("P.F. Three") appeals the district court's order affirming the bankruptcy court's denial of administrative expense priority for three unsecured creditor claims. These unsecured claims derived from loans obtained by a Chapter 11 partnership, Upland Partners ("Upland"), without court approval. P.F. Three argues the bankruptcy court abused its discretion in holding (1) the loans obtained by the partnership constituted transactions outside the "ordinary course of business," and (2) "exceptional circumstances" did not exist to warrant allowance and payment of claims *nunc pro tunc*. We affirm.

P.F. Three's "ordinary course of business" claim fails for two reasons. First, the loans do not satisfy the vertical dimension test because the transactions subjected Upland's creditors to economic risks of a nature different from those accepted when the creditors extended credit. See In re Dant & Russell, Inc., 853 F.2d 700, 705 (9th Cir. 1988). Second, the loans do not satisfy the horizontal test because P.F. Three failed to provide any evidence to demonstrate that sole partners of real estate development partnerships ordinarily incur debt from entities directly or indirectly controlled by the sole partner. See id. at 704–05. Because P.F. Three's "ordinary course of business" argument fails, the bankruptcy court did not abuse its discretion in denying P.F. Three administrative priority for the unsecured claims. See 11 U.S.C. § 364(a).

Likewise, the bankruptcy court did not abuse its discretion in holding that the facts of this case do not warrant *nunc pro tunc* allowance and payments of the claims. P.F. Three provides no evidence to show "exceptional circumstances" warranted allowance and payment of claims *nunc pro tunc*. See In re THC Financial Corp., 837 F.2d 389, 392 (9th Cir. 1988).

**AFFIRMED.**

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

JAN 1 6 2007

by
Deputy Clerk